| | |
|---|---|
| ABBIE L. RAMOS,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., et al.,<br><br>    Defendants. | Case No. 3:21-cv-00152<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

This action brought under Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12111–12117, arises out of pro se Plaintiff Abbie L. Ramos's employment at the Walmart Neighborhood Market in Clarksville, Tennessee. (Doc. Nos. 6, 6-1.) Defendants Walmart Inc., Francise Gardner, Melissa McKennen, and Sharon Shippy have filed a motion to dismiss Ramos's amended complaint for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. No. 21.) Defendants argue that Ramos signed a severance agreement releasing each defendant from liability for any claims relating to her employment, including claims brought under the ADA. (Doc. No. 22.) The defendants filed a sealed copy of the severance agreement in support of their motion to dismiss. (Doc. No. 30.) Gardner, McKennen, and Shippy also argue, in the alternative, that Ramos's claims against them fail because the ADA does not provide for individual liability. (Doc. No. 22.) Ramos

---

[1]    The amended complaint names "Wal-Mart Stores, Inc." as a defendant, but there is no dispute that the defendant's correct legal name is "Walmart Inc." (Doc. No. 22, PageID# 316 n.1 ("Wal-Mart Stores, Inc. changed its name to Walmart Inc. effective February 1, 2018.").)

responded in opposition to the defendants' motion to dismiss (Doc. No. 27), and the defendants did not file an optional reply.

For the reasons that follow, the Magistrate Judge will recommend that the Court deny in part and grant in part the defendants' motion to dismiss.

## I. Background

### A. Factual Background[2]

Ramos alleges that she previously worked at the Walmart Neighborhood Market in Hopkinsville, Kentucky. (Doc. No. 6-1.) In 2016, she was promoted to assistant manager of that store. (*Id.*) On October 12, 2017, while still working at the Hopkinsville store, Ramos suffered a stroke. (*Id.*) She "was out for [four] month[s] recovering . . . ." (*Id.* at PageID# 25.) When she returned to work on February 2, 2018, she was reassigned to the Walmart Neighborhood Market in Clarksville, Tennessee. (Doc. No. 6-1.) Gardner was a store manager in Clarksville. (*Id.*) Ramos alleges that, about two months after she began working at the Clarksville store, Gardner started treating her unfairly and discriminating against her. (*Id.*) Ramos "felt like [she] was working in a hostile work environment" and there were "rumors" that Gardner was trying to find a way "'to get [Ramos] out of [her] store' . . . .'" (*Id.* at PageID# 25.)

Ramos alleges that her stroke caused her eyesight to deteriorate and that she has "memory loss" and "a neurological disorder due to having blood clots in [her] brain." (*Id.*) Ramos "emailed Wal-mart['s] corp[orate] office to get an accommodation for driving [and] working during the day" but "it was denied." (*Id.*) Around the same time, "Gardner started coaching [Ramos] and writing [her] up for thing[s] other assistant managers were doing and didn't get coached or written

---

[2]  The facts in this section are drawn from Ramos's amended complaint and exhibits (Doc. Nos. 6, 6-1) and accepted as true for purposes of resolving the defendants' motion to dismiss. *See Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016)

up for." (*Id.*) Ramos alleges that, because of Gardner's coaching, Ramos "couldn't transfer or keep [her] job when it came time for Walmart to start the realignment of the stores." (*Id.* at PageID# 48.)

Ramos alleges that she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on January 14, 2020. (Doc. No. 6-1.) Walmart discharged Ramos on May 8, 2020. (Doc. No. 6-1.) Ramos filed another EEOC charge on or around May 19, 2020. (*Id.*)

### B. Procedural History

Ramos initiated this action on February 26, 2021, by filing a form complaint for employment discrimination in violation of the ADA against Walmart (Doc. No. 1) and paying the Court's filing fee (Doc. No. 4). In the section of the form complaint that asked Ramos to explain the facts of her case, Ramos wrote: "I have documents and photos of the al[l]eged acts that was acted towards [me] by the store manager. Will be provided upon request. To[o] much to attach." (Doc. No. 1, PageID# 4.) On March 4, 2021, the Court found that Ramos's original complaint lacked "any specific factual allegations" and was therefore so "speculative" that the Court would likely dismiss Ramos's claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Doc. No. 5, PageID# 17.) However, in light of Ramos's pro se status, the Court gave her "the opportunity to supply the missing factual allegations" and ordered her to "submit an amended complaint that provides factual allegations in support of the stated ADA claims" within thirty days. (*Id.*)

Ramos filed an amended complaint and attachments on April 2, 2021. (Doc. Nos. 6, 6-1.) The amended complaint, which is the operative pleading in this action, names Walmart, Gardner, McKennen, and Shippy as defendants and alleges that they violated the ADA by failing to accommodate Ramos's disability, retaliating against her, and terminating her employment. (Doc. No. 6.) Ramos attached more than two-hundred pages of exhibits to the amended complaint,

including one page of handwritten factual allegations. (Doc. No. 6-1.) The remaining pages include documents filed with the EEOC, medical records, and documents and pictures related to Ramos's employment at the Clarksville store. (*Id.*)

The Court found that Ramos's amended complaint "sufficiently demonstrated that the Court has subject-matter jurisdiction over" her claims and referred the action to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, and dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(B)(1)(A) and (B). (Doc. No. 7, PageID# 258.)

On September 17, 2021, the defendants moved to dismiss Ramos's amended complaint for failure to state a claim on which relief can be granted under Rule 12(b)(6). (Doc. No. 21.) The defendants argue that "Ramos agreed to and executed a Confidential General Release and Severance Agreement . . . on or about May 8, 2020[,]" and "received a lump sum payment in exchange for her execution of the Agreement and release of all claims related to [her] employment with Walmart and the termination of her employment . . . ." (Doc. No. 22, PageID# 317.) The defendants filed a redacted copy of the purported severance agreement with their motion to dismiss (Doc. No. 21-2) and later received the Court's permission to file an unredacted version under seal (Doc. Nos. 29, 30). The defendants argue that the Court should enforce the severance agreement and dismiss Ramos's amended complaint. (Doc. No. 22.) In the alternative, Gardner, McKennen, and Shippy argue that the Court should dismiss Ramos's claims against them because "the ADA does not impose individual liability on supervisors." (*Id.* at PageID# 321.)

Ramos filed a response in opposition to the defendants' motion to dismiss. (Doc. No. 27.) Her response consists of three sentences:

> I Abbie Ramos the Plaintiff [in] case # 3:21-cv-00152 on this date 10/08/2021 oppose to the motion to dismiss the case against Mrs. Gardner & Ms. McKinnon, and Ms. Shippy.
>
> The above listed are guilty of the harassment accusations and failure to accommodate my disabilities at the work place I have stated in my documents I had provided.
>
> I want to proceed with this case.[3]

(*Id.*)

The defendants did not file an optional reply.

## II. Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz*

---

[3] Ramos's response states that she opposes dismissal of the case against Gardner, McKennen, and Shippy, but does not specify that she opposes dismissal of her claim against Walmart. The Court could therefore find that the motion to dismiss as to Walmart is unopposed. However, Walmart does not make that argument, and the Court must construe Ramos's pro se filings liberally, including her statement that she "want[s] to proceed with this case." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court thus construes Ramos's response as opposing the motion to dismiss as to all defendants.

*v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Ramos appears pro se, the Court construes her filings "'liberally'" and holds her amended complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

"Generally, at the motion-to-dismiss stage, a federal court may consider only the plaintiff's complaint." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014). Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). If a court decides to treat a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* The determination of whether to convert a

6
Case 3:21-cv-00152   Document 31   Filed 07/25/22   Page 6 of 10 PageID #: 364

motion to dismiss into a motion for summary judgment falls within the district court's discretion. *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004). Courts in this circuit typically decline to convert motions to dismiss into motions for summary judgment if conversion would cause "prejudice or surprise to any party." *Ent. Prods., Inc. v. Shelby Cnty.*, No. 08-2047, 2009 WL 10699869, at *3 (W.D. Tenn. Sept. 29, 2009).

**III.     Analysis**

    **A.     Dismissal on the Basis of a Severance Agreement**

Gardner, McKennen, and Shipp's primary argument, and Walmart's only argument, in favor of dismissal is that Ramos signed a severance agreement releasing each defendant from liability for the claims she asserts in the amended complaint. (Doc. No. 22.) But the defendants have not presented any legal authority or argument to support the Court's consideration of the severance agreement in the context of a Rule 12(b)(6) motion to dismiss. Rule 12(d) prohibits courts from considering "matters outside the pleadings" when deciding motions to dismiss brought under Rule 12(b)(6). Fed. R. Civ. P. 12(d).

There is a limited exception to this rule for "any exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). But the defendants do not identify or ask the Court to apply that exception in considering their motion. And Ramos did not attach the severance agreement to her amended complaint, did not mention it in her amended complaint or exhibits, and has not asserted any claims based on the severance agreement. It thus appears that this exception does not apply and that the Court may not consider the severance agreement in ruling on the motion to dismiss. *Cf. United Merch. Wholesale, Inc. v. IFFCO, Inc.*, 51 F. Supp. 3d 249, 256 (E.D.N.Y. 2014) (declining to consider settlement agreements "while ruling on the

7

pending Rule 12(b)(6) motion" where complaint "d[id] not refer to either settlement" and "there [was] no evidence that the [p]laintiff 'relied on' these documents 'in bringing suit[ ]'" (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)); *Global Oil Tools, Inc. v. Barnhill*, Civ. Action Nos. 12:1507, 12-3041, 2013 WL 3070838, at *8 (E.D. La. June 17, 2013) (finding that settlement agreement introduced by defendants was "extrinsic evidence that is not appropriate under a 12(b)(6) analysis" where "[t]he settlement agreement was neither mentioned in the [plaintiffs'] complaint, nor [wa]s it central to, [their] claims"); *Bui v. Meriwest Credit Union*, No. SACV13-01025, 2013 WL 12126751, at *2 n.1 (C.D. Cal. Nov. 4, 2013) ("[T]he fact that the Settlement Agreement is not mentioned by or relied upon by the pleadings in this case brings it outside the scope of material that the Court can properly consider when ruling on a 12(b)(6) motion to dismiss.").

Proof outside of the pleadings like the existence of a severance agreement is more commonly considered in the context of a motion for summary judgment under Federal Rule of Civil Procedure 56. Indeed, all of the cases that defendants cite in which courts have applied the terms of such agreements arise from summary judgment motions. (*See, e.g.*, Doc. No. 22, PageID# 319–20 nn.22–25.) In some circumstances, a court may convert that motion into one for summary judgment to allow for consideration of the extrinsic materials. Doing so is not appropriate here. The defendants did not move for summary judgment as an alternative form of relief and so Ramos has not had notice of that possibility, and the parties have not yet had a reasonable opportunity to conduct discovery. *Cf. Ent. Prods., Inc.*, 2009 WL 10699869, at *3 (finding no risk of surprise and converting motion to dismiss into motion for summary judgment where defendants moved for summary judgment in the alternative); *Mincey v. Univ. of Cincinnati*, No. 1:11-cv-300, 2012 WL 1068167, at *2 (S.D. Ohio Mar. 29, 2012) (excluding affidavits and other documents

8
Case 3:21-cv-00152   Document 31   Filed 07/25/22   Page 8 of 10 PageID #: 366

attached to plaintiff's response in opposition to motion to dismiss and declining to convert motion to dismiss into summary judgment motion where "the parties ha[d] not had a reasonable opportunity for discovery"). The absence of an opportunity for discovery is particularly relevant in this case because of the individualized inquiry that the defendants ask the Court to apply in determining whether the severance agreement is enforceable. (Doc. No. 22.)

Consideration of the severance agreement in deciding the motion to dismiss is therefore inappropriate. Because Walmart has not advanced any arguments in favor of dismissal that do not depend on the severance agreement, the Court should deny the defendants' motion to dismiss with respect to Ramos's claims against Walmart.

### B. Dismissal on the Basis of Individual Liability

Gardner, McKennen, and Shippy argue, in the alternative, that Ramos's amended complaint fails to state any claims against them for which relief can be granted because the ADA does not provide for individual liability. (Doc. No. 22.) This argument is based only the allegations of the amended complaint and is therefore appropriately resolved in the context of a Rule 12(b)(6) motion to dismiss. The Sixth Circuit has "held that individuals who do not qualify as 'employers' under Title I of the ADA may not be held personally liable in ADA cases." *Satterfield v. Tennessee*, 295 F.3d 611, 616 n.4 (6th Cir. 2002). Because Ramos has not alleged any facts that would allow the Court to infer that Gardner, McKennen, and Shippy qualify as employers under the ADA, her claims against those defendants must fail.

The defendants' motion to dismiss should therefore be granted with respect to Ramos's claims against Gardner, McKennen, and Shippy.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the defendants' motion to dismiss Ramos's amended complaint (Doc. No. 21) be DENIED IN PART AND GRANTED IN

PART. The Court should deny the motion with respect to Ramos's claims against Walmart and grant the motion with respect to Ramos's claims against Gardner, McKennen, and Shippy.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 25th day of July, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge