UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ABBIE L. RAMOS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., et al.,<br><br>　　　　Defendants. | Case No. 3:21-cv-00152<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:　　The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

When pro se Plaintiff Abbie L. Ramos failed to appear for a discovery dispute conference on February 1, 2023, that had been set to address her failure to respond to Defendant Walmart, Inc.'s discovery requests, the Court authorized Defendant Walmart, Inc. "to file an appropriate motion to address Ramos's failure to participate in discovery." (Doc. No. 40.) The Court also warned Ramos "that continued failure to participate in the litigation may result in sanctions including a recommendation that her case be dismissed under Federal Rule of Civil Procedure 41(b)." (*Id.*) Walmart filed a motion for sanctions requesting dismissal (Doc. No. 42) to which Ramos has not filed a response.

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Ramos's claims against Walmart without prejudice under Rule 37 and Rule 41(b).

I.　　**Factual and Procedural Background**

This action arises out of Ramos's employment at Walmart stores in Hopkinsville, Kentucky, and Clarksville, Tennessee. (Doc. No. 6-1.) Ramos initiated this action on February 26, 2021, by filing an employment discrimination complaint against Walmart alleging violations of

Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12111–12117. (Doc. No. 1.) She later filed an amended complaint asserting ADA claims against Walmart and Walmart employees Francise Gardner, Melissa McKennen, and Sharon Shippy. (Doc. Nos. 6, 6-1.)

Walmart, Gardner, McKennen, and Shippy moved to dismiss Ramos's amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state any claims on which relief can be granted. (Doc. No. 21.) The Court granted in part and denied in part the motion, dismissing Ramos's claims against Gardner, McKennen, and Shippy, but allowing Ramos's claims against Walmart to proceed to discovery. (Doc. Nos. 31, 34.)

On January 19, 2023, Walmart filed a motion stating that Ramos had refused to respond to its discovery requests despite Walmart's multiple attempts to contact her and to facilitate her responses and attached copies of its correspondence with Ramos regarding discovery. (Doc. Nos. 38, 38-1, 38-2.) Walmart asked the Court to set a telephonic hearing to discuss Ramos's failure to participate in discovery. (Doc. No. 38.) The Court granted Walmart's motion, set a telephone conference for February 1, 2023, and ordered both parties to appear. (Doc. No. 39.)

Ramos did not appear for the discovery dispute conference. (Doc. No. 40.) The Court therefore authorized Walmart "to file an appropriate motion to address Ramos's failure to participate in discovery" and warned Ramos "that continued failure to participate in the litigation may result in sanctions including a recommendation that her case be dismissed under Federal Rule of Civil Procedure 41(b)." (*Id.*)

Walmart filed a motion for sanctions under Rule 37(d)(1)(A) (Doc. No. 41), arguing that the Court should dismiss Ramos's remaining claims for Ramos's failure to participate in discovery and prosecute her claims and should order Ramos to pay Walmart's costs and fees (Doc. No. 42). Walmart states that the last time its counsel spoke to Ramos, Ramos agreed to dismiss her claims

against Walmart with prejudice; however, Ramos never responded to the draft stipulation of dismissal that Walmart's counsel mailed to her and has not responded to Walmart's subsequent attempts to contact her. (Doc. No. 42.)

Ramos did not file a response to Walmart's motion for sanctions.

## II. Legal Standard

Federal Rules of Civil Procedure 37 and 41(b) provide district courts with express power to dismiss a complaint. Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b). Rule 37 authorizes a court to dismiss a lawsuit "[i]f a party . . . fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A), or otherwise fails to cooperate in discovery, including failing to respond to interrogatories and failing to appear for the party's own deposition, Fed. R. Civ. P. 37(d)(1)(A)(i)–(ii), (d)(3). Dismissal under Rule 37 "accomplishes the dual purpose of punishing the offending party and deterring similar litigants from misconduct in the future." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)). Dismissal under Rule 41(b) is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 37 or Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)); *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013).

Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363. (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *Universal Health Grp.*, 703 F.3d at 956 ("Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002))); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))).

Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

The Sixth Circuit reviews a district court's dismissal of an action under Rule 37 or 41(b) for abuse of discretion. *See Schafer*, 529 F.3d at 736 (affording district courts "'substantial discretion" with respect to Rule 41(b) dismissals (quoting *Knoll*, 176 F.3d at 363)); *Universal Health Grp.*, 703 F.3d at 955 (reviewing district court's dismissal under Rule 37(b)(2) "for an abuse of discretion").

**III.     Analysis**

Dismissal of this action without prejudice is appropriate under Rule 37 and Rule 41(b) because consideration of the four relevant factors shows a record of delay by Ramos.

A.  **Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is little indication that bad faith motivated Ramos's failure to respond to Walmart's interrogatories and requests for production, failure to appear for the February 1, 2022 discovery conference, or failure to respond to Walmart's motion for sanctions.[1] However, because the Court warned Ramos that her continued failure to participate in this litigation might result in a recommendation of dismissal (Doc. No. 40), Ramos's failure to respond to Walmart's motion for sanctions indicates willfulness or fault for purposes of Rule 41(b) and therefore "tips the scale in favor of dismissal on the first factor." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause"). The first factor therefore weighs in favor of dismissal.

B.  **Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in

---

[1]  Walmart argues that Ramos's "conduct constitutes . . . bad faith given her repeated failure to respond or communicate with Walmart's counsel[,]" but Walmart has not cited any legal authority in support of this assertion. (Doc. No. 42, PageID# 451.)

original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, the record shows that Walmart repeatedly contacted Ramos to help facilitate her discovery responses (Doc. Nos. 38-1, 38-2); filed a motion for a discovery dispute conference when those efforts failed (Doc. No. 38); and filed a motion for sanctions after Ramos failed to appear for the discovery conference (Doc. No. 41). The Court finds that Walmart has been prejudiced by Ramos's conduct and that the second factor weighs in favor of dismissal. *See Carpenter*, 723 F.3d at 707; *Harmon*, 110 F.3d at 368.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the analysis under Rule 37 and 41(b). *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615); *Alley v. Vital One Health Plan*, No. 2:15-cv-00035, 2016 WL 616346, at *3

(M.D. Tenn. Feb. 16, 2016) (finding that prior notice "is a key consideration" under Rule 37). The Court warned Ramos "that continued failure to participate in the litigation may result in sanctions including a recommendation that her case be dismissed . . . ." (Doc. No. 40.) The third factor therefore weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

Walmart requests that the Court dismiss this action with prejudice and order Ramos to pay "its fees and costs incurred in this action." (Doc. No. 42, PageID# 449.) Dismissal with prejudice is a harsh "'sanction of last resort . . . .'" *Peltz v. Moretti*, 292 F. App'x 475, 478 (6th Cir. 2008) (citation omitted). The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

The additional sanction of awarding Walmart its costs and fees is not warranted. Dismissal of this action without prejudice under Rule 37 and Rule 41(b) is sufficient to address Ramos's dilatory conduct. Although the Federal Rules of Civil Procedure require that a party who is sanctioned for failure to obey a discovery or other pretrial order pay the reasonable expenses, including attorney's fees, caused by that failure, the rules create an exception if the failure "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2), 37(b)(2)(C), (d)(3). While Ramos's pro se status does not justify her failure to comply with the Court's orders and the Federal Rules of Civil Procedure, the Court finds that an award of

7

Case 3:21-cv-00152   Document 45   Filed 04/17/23   Page 7 of 8 PageID #: 467

costs and fees would be unjust at this time. *See, e.g.*, *Hurd v. Memphis Light, Gas & Water Div.*, No. 20-cv-2099, 2021 WL 3745755, at *3 (W.D. Tenn. Apr. 27, 2021) (recommending dismissing action but denying request for attorney's fees), *report and recommendation adopted*, 2021 WL 3745329 (W.D. Tenn. Aug. 24, 2021).

IV.     Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that Walmart's motion for sanctions (Doc. No. 41) be GRANTED IN PART AND DENIED IN PART, and that Ramos's claims against Walmart be DISMISSED WITHOUT PREJUDICE under Rule 37 and Rule 41(b).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 17th day of April, 2023.

                                               _____
                                               ALISTAIR E. NEWBERN
                                               United States Magistrate Judge